**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BOOKER HARLAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-108 |
| | ) | |
| DEARBORN NATIONAL LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant | ) | |

## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Dearborn National Life Insurance Company ("Dearborn National") files the following Motion to Dismiss and Brief in Support, requesting that the Court dismiss this case, pursuant to Fed. R. Civ. P. 12(b)(1) and/or (b)(3).

### INTRODUCTION

Plaintiff Booker Harlan ("Plaintiff" or "Harlan") seeks reinstatement of long-term disability ("LTD") benefits that were paid to him under the state employee benefit plan, administered by Dearborn National on behalf of the Employees Retirement System of Texas ("ERS"), which has exclusive authority and jurisdiction over the plan pursuant to statute. Because ERS jurisdiction over the plan is exclusive, and Harlan failed to exhaust mandatory administrative remedies, no court has jurisdiction over Harlan's claims for reinstatement. Further, because any actions it took relating to the plan were in its capacity as ERS's administrator, Dearborn National is entitled to governmental immunity. Finally, if any court were ever to have jurisdiction over any of Harlan's claims, that court is in Travis County, Texas, and this case should be dismissed for lack of proper venue.

<u>**F**ACTUAL AND **L**EGAL **B**ACKGROUND</u>

**<u>ERS Statutory Authority</u>**

ERS is a government entity mandated by the Texas Constitution.  Tex. Const. art. XVI, §67. The Legislature complied with this mandate by instituting ERS through pertinent statutes. Tex. Gov't Code Ann. 811.001, et seq.  ERS is controlled by definitions set out by the Legislature, *id*., and provides for health benefit coverages through Chapter 1551 of the Texas Insurance Code (also known as the Texas Employees Group Benefits Act) ("Act").  Tex. Ins. Code Ann. 1551.001.  Chapter 1551 vests authority in the board of trustees of ERS to establish and administer benefit plans for state employees and their dependents.  Tex. Ins. Code Ann. §§ 1551.051, 1551.055.

Section 1551.352 of the Act places in ERS's Executive Director, "exclusive authority to determine all questions relating to…payment of a claim arising from group coverages or benefits provided under this Chapter…"  Pursuant to the Act, the ERS Board of Trustees has promulgated rules and regulations prescribing various methods and procedures of claims administration applicable to coverages made available to State employees, dependents, and retirees.  *See, e.g*., 34 Tex. Admin. Code, Part IV, Chapters 61- 81.

Under Section 1551.051 of the Act, the administration and implementation of the Act are "vested solely in the board of trustees."  Sections 1551.052 and 1551.055 also grant authority to the board of trustees to adopt not only rules and regulations but any plan, procedure, or order reasonably necessary to implement the Act and its purposes, including but not limited to the following: preparation of specifications for coverages provided under the Act; determination of the methods and procedures of claims administration; and establishment of procedures for the

board of trustees to decide contested cases arising from a coverage provided under the Act.  *See* Tex. Ins. Code Ann. §1551.051 (a), (c) and (e).   Section 151.056 of the Act further provides:

> The board of trustees may, on a competitive bid basis, contract with an entity to act for the board as an independent administrator or manager of the coverages, services and benefits authorized under this chapter.

Section 1551.003 of the Act defines "administering firm" to mean "a firm designated by the board of trustees to administer coverages, services, benefits, or requirements in accordance with this chapter and the rules adopted by the board of trustees under this chapter."   Dearborn National or its predecessor, Fort Dearborn Life Insurance Company, has been responsible, as the ERS Board of Trustees' administering firm and manager, for administration of, among others, disability coverage.   It was in this role that Dearborn National processed Harlan's claim for benefits.

**<u>Harlan's Claim for Benefits</u>**

Harlan received LTD benefits under the state employee benefit plan through February 3, 2012, when they were discontinued on the grounds that Harlan was no longer Totally Disabled. *See* Exhibit 1, Notice of Hearing before State Office of Administrative Hearings ("SOAH"), at Exhibit B.  Harlan was advised of his right to appeal to ERS, and was even advised of the requirement that administrative remedies must be exhausted. *Id.*  Harlan appealed through his attorney, and that appeal was denied on April 30, 2013.  *Id.* at Exhibit A.  However, Harlan was advised of his right to appeal to the ERS Board of Trustees, and took advantage of that right. *See* Notice of Hearing, Exhibit 1.

On October 1, 2013, Harlan sought to dismiss his appeal on the grounds that SOAH lacked jurisdiction.   *See* Exhibit 2, Motion to Dismiss for Want of Jurisdiction. ERS and Dearborn National responded that if Harlan wished to voluntarily dismiss his appeal, they would

not object. However, they took issue with Harlan's suggestion that ERS and SOAH lacked jurisdiction. *See* Exhibit 3, ERS's Response to Motion to Dismiss for Want of Jurisdiction. The Administrative Law Judge agreed with ERS and Dearborn National, and denied the motion. *See* Exhibit 4.   Harlan then requested he be permitted to voluntarily withdraw his appeal, which request was granted on October 11, 2013.  *See* Exhibits 5 and 6.

Harlan filed this suit in Harris County District Court on January 22, 2015. *See* Notice of Removal (Doc. 1).  Dearborn National was not served until December 16, 2015, *id.*, by which time the case had been dismissed for want of prosecution. *Id.*  Because Harlan's attorney had indicated he intended to seek reinstatement, *id.*, Dearborn National removed the case to this Court on diversity grounds.

<u>**A**RGUMENT AND **A**UTHORITIES</u>

<u>**Standard of Review**</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a civil action for lack of subject matter jurisdiction.  The burden of establishing federal jurisdiction rests on the party seeking the federal forum.  *See Home Builder Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Id.*   When conducting a Rule12(b)(1) analysis, the Court may consider disputed facts and should grant the motion, "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The Court can determine lack of subject matter jurisdiction by looking at, "(1) the complaint alone; (2) the complaint supplemented by

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming, id.*

## **Harlan's Claims Must be Dismissed for Lack of Jurisdiction**

Harlan failed to exhaust the mandatory and exclusive administrative remedies available to him. Accordingly, this Court—indeed any court—lacks jurisdiction. Throughout the Act, the Legislature unambiguously mandates that ERS's jurisdiction over the group coverages and benefits authorized by the Act is exclusive.

First, section 1551.051 provides that administration and implementation of the Act are vested <u>solely</u> in the "trustee" (ERS board of trustees). Tex. Ins. Code Ann. §1551.051. Further, the Legislature actually uses the word "exclusive" in describing the authority of ERS's executive director: "The executive director of the Employees Retirement System of Texas has *exclusive* authority to determine all questions relating to enrollment in or payment of claims arising from programs or coverages provided under authority of this Act." Tex. Ins. Code Ann. §1551.352 (emphasis added). The Legislature has also been direct regarding the exclusive nature of the remedies provided by ERS through the agency's administrative process: "The remedies provided under this Act are the *exclusive* remedies available to an employee, participant, annuitant, or dependent." Tex. Ins. Code Ann. §1551.014 (emphasis added).

Having given ERS exclusive fiduciary authority over its programs, the Legislature granted an aggrieved claimant the right to an administrative appeal and substantial evidence judicial review in a Travis County District Court. Tex. Ins. Code Ann. §§ 1551.351, 1551.355, 1551.359. However, the Legislature cordoned off ERS and its benefits programs from the reach of any other courts or laws:

A coverage plan provided under this chapter is exempt from any other insurance law, including common law, that does not expressly apply to the plan or this chapter.

Tex. Ins. Code. Ann. §1551.209.

In summary, the Legislature has (1) expressly granted ERS exclusive jurisdiction over, and fiduciary responsibility for, the administration and implementation of the Act and ERS's benefits programs; (2) given ERS exclusive authority to determine all questions relating to payment of claims, subject only to an administrative appeal and limited judicial review in Travis County; (3) mandated that the remedies available through the ERS administrative process are exclusive; and (4) reinforced this mandate with a specific exemption of ERS benefits determinations from other insurance laws.  Moreover, the courts have uniformly held that the Legislature means what it says.

The Texas Supreme Court has twice confirmed the exclusive jurisdiction of ERS over claims relating to benefits.  In *Employees Ret. Sys. of Tex. v. Blount*, 709 S.W.2d 646, 647 (Tex. 1986), the Texas Supreme Court confirmed that the Act grants to ERS—and only ERS—final binding authority to adjudicate claims involving Act-derived/ERS-administered benefits and coverages: "Because [the State-employee widow's] cause of action is derived from statute,[1] not common law, the statutory provisions are mandatory and exclusive and must be complied with in all respects."  Then more recently, in *Blue Cross Blue Shield of Tex. v. Duenez*, 201 S.W.3d 674, 676 (Tex. 2006), the Court emphasized that, "The plain language of the ERS Act makes clear that the administrative appeals process is the 'exclusive' means of resolving a claim for payment of ERS-derived benefits."

---

[1] Art. 3.50-2, Tex. Ins. Code, now the Texas Employees Group Benefits Act, Title 8, Subtitle H, Chapter 1551, Tex. Ins. Code, which replaced without substantive change the prior ERS Act (effective June 1, 2003).  *See* Acts 2001, 77th Leg., ch. 1419, § 3, sec. 32, including at pp. 3658, 4126, 4209.

The Austin Court of Appeals has also repeatedly upheld the exclusive jurisdiction of ERS. *See, e.g., Beyer v. Employees Ret. Sys. of Tex.*, 808 S.W.2d 622, 625 (Tex. App.—Austin 1991, writ denied) (deferring to ERS Board's construction of predecessor to Chapter 1551); *Butler v. Group Life & Health Ins. Co*., 962 S.W.2d 296, 301 (Tex. App.—Austin 1998, no writ) ("Because the statute provides Butler an exclusive remedy, she is not entitled to recover interest or attorney's fees under a different statutory provision"); *Perkins v. Group Life & Health Ins. Co.*, 49 S.W.3d 503, 506 (Tex. App.—Austin 2001, pet. denied) (claim under ERS Act derives from statute, not common law, therefore statutory provisions are mandatory and exclusive and must be complied with in all respects); *cf Board of Trustees of the Employees Ret. Sys. of Texas v. Benge*, 942 S.W.2d 742, 744 (Tex. App.—Austin 1997, writ denied) (ERS Board has the "undeniable power to determine as a matter of law the meaning of its chosen words," and "the Board's interpretation of a policy exclusion is entitled to judicial respect regarding any uncertainty"); *McMullen v. Employees Ret. Sys. of Texas*, 935 S.W.2d 189, 191 (Tex. App.—Austin 1996, writ denied) (ERS board of trustees, in adjudicating a contested case, has the authority to determine, as a matter of law, the meaning of applicable policy provisions; resulting interpretations of policy language are therefore entitled to judicial respect and should be upheld if reasonable).

This District has also found that ERS jurisdiction is mandatory and exclusive. In granting a motion to dismiss in *McAllen Anesthesia v. United Healthcare Servs*., No. 7:14-cv-913, 2015 U.S. Dist. LEXIS 171145 (S.D. Tex., December 14, 2015), Judge Alvarez concluded, "ERS has exclusive jurisdiction over all of MAC's claims because they are disputes related to payment of claims.  The Court also concludes that Chapter 1551 provides exclusive remedies for disputes related to payment of claims."  2015 U.S. Dist. LEXIS 171145 at *25.

Plaintiff's claim for benefits was made under an ERS plan, administered by Dearborn National.  Harlan initiated the administrative process, but voluntarily terminated that process before exhausting those administrative remedies. *See* Exhibits 1-6.  The Texas Supreme Court has definitively held that ERS has exclusive jurisdiction over claims for payment of ERS-derived benefits. *See Duenez*, 201 S.W.3d at 676; *Blount,* 709 S.W.2d 646.  It is indisputable in this case that Plaintiff's claim is for ERS-derived benefits and that he did not exhaust his administrative remedies as required by law.  A party cannot circumvent these administrative procedures by filing a lawsuit.  *Duenez*, 201 S.W.3d at 676.  Because ERS has exclusive jurisdiction over Plaintiff's claim, the Court lacks jurisdiction.

**<u>Dearborn National has Immunity</u>**

Even if the Court were to find that it had jurisdiction to consider this case, it should dismiss the case on the grounds that Dearborn National is immune from liability.  ERS, as a public entity, is entitled to immunity. Tex. Gov't Code Ann. §§ 811.003-004.  Accordingly, Dearborn National, in its role as administrator of ERS, is also entitled to immunity.

In *Foster v. Teacher Ret. Sys.*, the Texas Court of Appeals in Austin concluded that when insurance firm Aetna acted as an administrator for a health insurance plan on behalf of the Teacher Retirement System ("TRS"), TRS's immunity extended to shield Aetna from liability against breach of contract, breach of the duty of good faith and fair dealing, violations of the insurance code, and violations of the DTPA.  *Foster v. Teacher Ret. Sys*., 273 S.W.3d 883, 890 (Tex.App.—Austin 2008, no pet.)  In so holding, the court determined Aetna was functioning as an agent for TRS**;** with discretionary authority to interpret the terms of the plan and determine eligibility; that Aetna was acting in a fiduciary capacity; that all funds paid on claims were state funds; and that Aetna was not liable for payment on any claims.  *Id*. at 889.  The *Foster* court

concluded that holding Aetna liable would:

> implicate State funds and expose Aetna to liability from which its principal is protected and, more importantly, would undercut the public policy that favors allowing the State to contract with private entities to more efficiently provide services to government employees.

*Foster*, 273 S.W.3d at 890.

Similar to Aetna in *Foster*, Dearborn National here acts as an agent for ERS in administrating benefit claims. *See* Exhibit 1 (Notice of Hearing). However, ERS is ultimately responsible for paying benefits. ERS, like TRS, is financed by state and state agency funding. Tex. Ins. Code Ann. §§ 1551.311. In other words, were Harlan to prevail on his claim for reinstatement of benefits, those benefits would be payable from the state treasury.

In the recently decided *Humana Ins. Co. v. Mueller* case, the Texas Court of Appeals in San Antonio found that Humana, manager of the San Antonio Housing Authority ("SAHA") self-funded health plan, was entitled to immunity against suit. *Humana Ins. Co. v. Mueller*, 04-14-00752-CV, 2015 Tex. App. LEXIS 4320 (Tex.App.—San Antonio April 29, 2015, pet. denied). Humana denied a claim submitted by the plaintiff, who then filed suit against Humana for insurance code and DTPA violations. *Id*. On appeal, the *Mueller* court held SAHA's immunity extended to Humana and quoted *Foster's* rationale:

> To hold otherwise would implicate [governmental] funds and expose [Humana] to liability from which its principal is protected and, more importantly, would undercut the public policy that favors allowing [governmental units] to contract with private entities to more efficiently provide services to government employees.

*Id*. Holding Dearborn National liable here would similarly expose state funds, an outcome that has twice before encouraged Texas courts to extend immunity to benefit plan administrators.

In *Kirby v. Health Care Serv. Corp.*, the United States District Court for the Western District of Texas found TRS's current administrator, Blue Cross Blue Shield of Texas, to be a

"state instrumentality shielded by state sovereign immunity." *Kirby v. Health Care Serv. Corp.*, 88 F.Supp. 3d 717, 723 (W.D. Tex. 2015).  The *Kirby* court examined the relationship between the administrator (BCBS) and state entity (TRS), and determined that the "relationship between BCBS and TRS is such that BCBS is subordinate to TRS, and BCBS's decisions may at any time be overridden by TRS."  *Id*. at 722.  More succinctly, "[t]he buck stops with TRS, not with BCBS, concerning all decisions related to the Plan."  *Id*.  Likewise, here the "buck stops" with ERS and not Dearborn National.  *See* Tex. Ins. Code § 1551.352.

Finally, the *McAllen Anesthesia* court in the McAllen Division considered *Foster*, *Mueller* and *Kirby* in granting United Healthcare's motion to dismiss, concluding:

> Thus, the Court finds that both case law and the Plan in question here extend immunity to UHS [the plan administrator] as it relates to the handling and processing of claims of HealthSelect [ERS] members. In particular, the Court finds that extending immunity to UHS protects Texas' public treasury. As noted, although MAC asserts various causes of action, what it primarily seeks is to receive payment for its anesthesia services based on in-network provider rates. It is ERS that is responsible for the payment of benefits even though they are funneled through UHS. MAC cannot prevail unless this Court determines that UHS wrongly denied benefits. That decision would directly impact the public treasury.
>
> Additionally, Texas has legislatively determined that the denial of benefits may be appealed only through ERS and a Travis County district court. Denying immunity to UHS would effectively circumvent Texas' legislatively established appeal process. Such would encroach upon separation of power principles.

*McAllen Anesthesia*, 2015 U.S. Dist. LEXIS 171145 at *23.

Harlan's claims against Dearborn National arise from the alleged non-payment of claims by Dearborn National through the claims submission process. Harlan asserts multiple causes of action against Dearborn National, but these are all a challenge to ERS about determination of coverage, and payment or non-payment of benefits. Borrowing the *Foster* court's words,

Harlan's claims "all reduce to the argument that [his benefits] should have been covered under the [Plan]." *Foster,* 273 S.W.3d at 890.

Thus, the Court should find that immunity is extended to Dearborn National as it relates to the handling and processing of claims of ERS members, as any different result would impact Texas' public treasury.  It is ERS that is responsible for the payment of benefits even though they are funneled through Dearborn National. Harlan cannot prevail unless this Court determines that Dearborn National wrongly denied benefits, which decision would directly impact the public treasury.

## Venue is Not Appropriate in this District

Harlan's suit should be dismissed for lack of jurisdiction, and he should be required to exhaust administrative remedies through ERS.  In the event he remains unsatisfied with the handling of his claim for benefits, he must then seek relief in a Travis County District Court, which is in the Western District of Texas.

The Act provides that all questions relating to the payment of claims arising from coverages provided under authority of the Act must be first heard by the ERS Executive Director and then can be appealed only to the ERS board of trustees.  Tex. Ins. Code Ann. §§ 1551.352 and 1551.353.   The Act provides that appeals from ERS decisions must be filed in Travis County, Texas.  *See* Tex. Ins. Code Ann. § 1551.359.  Moreover, this administrative process is the exclusive remedy to a claimant such as Harlan.  Tex. Ins. Code Ann. § 1551.014.

Section 15.016 of the Texas Civil Practice and Remedies Code provides that an action governed by any other statute providing mandatory venue shall be brought in the county required by that statute.  Since mandatory venue is prescribed in Chapter 1551 of the Insurance Code,

mandatory venue of the action is prescribed in Travis County, Texas.  Accordingly, the case should be dismissed for improper venue.

### CONCLUSION

Dearborn National Life Insurance Company respectfully requests that the Court grant its motion and dismiss this case for lack of jurisdiction, or alternatively for improper venue. Dearborn National further requests such other relief, both legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,


By: /s/ Andrew F. MacRae
    ANDREW F. MACRAE
    *State Bar No. 00784510*
    *amacrae@levatinopace.com*
    LEVATINO|PACE PLLC
    1101 S. Capital of Texas Highway
    Building K, Suite 125
    Austin, Texas 78746
    Tel:  (512) 637-1581
    Fax:  (512) 637-1583

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been electronically filed through the CM/ECF system this 18th day of May, 2016.  I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

William C. Herren
6363 Woodway, Suite 825
Houston, Texas 77057
(713) 682-8197 (fax)
billh@herrenlaw.com


/s/ Andrew F. MacRae
    ANDREW F. MACRAE