United States District Court
Southern District of Texas
**ENTERED**
June 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOOKER HARLAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-0108 |
| | § | |
| DEARBORN NATIONAL LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Before the Court is the motion to dismiss filed by the defendant, Dearborn National Life Insurance Company [Dkt. No. 8]. The plaintiff, Booker Harlan, has filed a response and the matter of the Court's jurisdiction is raised by the pleadings. The Court, having considered the motion, response, the evidence and the arguments of counsel, finds that the motion should be granted.

The plaintiff is an employee that received disability benefits through his employment. While he paid part or all of the premiums due for the coverage he, nevertheless, did not have a separate and private contractual relationship with the defendant. He was a state employee receiving benefits through the State of Texas. *See* 34 Tex. Adm. Code, Part IV, Chapters 61-81; *see also* Tex. Ins. Code Ann. §§ 1551.051 and 055. As a result, the statutes, as interpreted by the Texas Supreme Court, dictate the manner of redress of any grievance concerning benefits. *See Employees Ret. Sys. of Tex. v. Blount*, 709 S.W. 2d 646, 647 (Tex. 1986); *see also Blue Cross Blue Shield of Tex. V. Duenez*, 201 S.W.3d 674, 676 (Tex. 2006). In *Duenez*, the Court held that ". . . the ERS Act [Employees Retirement System of Texas] makes clear that the administrative

appeals process is the 'exclusive' means of resolving a claim for payment of ERS-derived benefits." *Id.* at 676.

The plaintiff's claim is derivative of the ERS plan that is administered by the defendant. Hence, the plaintiff has no contractual relationship with the defendant. Moreover, the defendant's allegiance is to the State. Therefore, no duty is owed to the plaintiff from which a tort might arise. The Court, therefore, concludes that it lacks subject matter jurisdiction over the plaintiff's claim(s).

It is, therefore, ORERED that the plaintiff's claims are dismissed for lack of jurisdiction.

SIGNED on this 15th day of June, 2016.

                                                        Kenneth M. Hoyt
                                                        United States District Judge